UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ORLANDES NICOLE NICKSION,    Case No. 16-cv-856-pp

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER SCREENING PETITION AND DISMISSING THE CASE FOR LACK OF JURISDICTION**

---

On June 7, 20015, the petitioner and a number of co-defendants were indicted by a grand jury in the Eastern District of Wisconsin on drug and gun charges. United States v. Mark Cubie, et al., 05-cr-146-pp at Dkt. No. 37. The petitioner entered a conditional guilty plea on October 29, 2007, Dkt. No. 473, but on November 22, 2008, filed a motion asking for leave to withdraw that plea, Dkt. No. 578. On July 2, 2009, the petitioner was convicted by a jury. Dkt. No. 606. On October 9, 2009, Judge Clevert sentenced the petitioner to serve a total sentence of 480 months. Dkt. No. 627. Since that time, the petitioner has appealed, and has filed several post-conviction motions seeking reductions to his sentence. In particular, on March 13, 2012, he filed a motion pursuant to 28 U.S.C. §2255, seeking to vacate his conviction. Cubie at Dkt. No. 701; Orlandes Nicole Nicksion v. United States, 12-cv-240. On September 22, 2015, he filed a petition for a writ of *audita querela,* which the court construed as a second (successive) motion to vacate pursuant to 28 U.S.C.

1

§2255. Cubie at Dkt. No. 782; Orlandes Nicole Nicksion v. United States, 15-cv-1143.

On June 27, 2016, the plaintiff filed another motion seeking reductions or changes in his sentence. Cubie at Dkt. No. 801. The court has directed that that motion be filed as a §2255 petition, and the clerk's office has done so as of July 5, 2016. Orlandes Nicole Nicksion v. United States, 16-cv-856. In this latest petition, the court to review and rehear the conditions of supervised release imposed by Judge Clevert in 2009; asks the court to credit to his sentence any periods of time during which he was on house arrest, bond, monitoring, or other forms of supervision; and asks the court to review his sentence generally to determine whether any recent court cases might serve to render the sentencing guidelines applied to him inapplicable. Id.

It has been six and a half years since Judge Clevert sentenced the petitioner. The deadline for him to appeal his sentence—including the supervised release conditions and the application of any credit for time served—has long passed. It is true that the Supreme Court and the Seventh Circuit have issued decisions relating to the sentencing guidelines since the petitioner was sentenced; the petitioner asks the court to review his sentence in light of "Johnson, S.Ct. and Welch, S.Ct." Id. at 3. The court assumes that the petitioner refers to the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidating the residual clause of the Armed Career Criminal Act, and the Supreme Court's decision in Welch v. United States, 136 S. Ct. 1257 (April 18, 2016), which made the Johnson

2

decision retroactive. The petitioner asks the court to review any sentencing factors Judge Clevert applied to calculate his guidelines sentence, and to figure out whether either of the two above decisions might apply to invalidate or reduce any part of his sentence.

The court will dismiss this third §2255 petition. First, as the court explained in its October 2, 2015 decision dismissing the petitioner's second petition, Section 2255 prohibits "second or successive motion[s]" unless they are

> Certified . . . by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §22(h).

The petitioner did not seek permission from the court of appeals to file this petition, just as he did not seek permission to file his last one, and thus the court must dismiss the petition for lack of jurisdiction. United States v. Wilburn, No. 14-C-717, 2014 WL 2807539 at *2. (E.D. Wis. June 20, 2014) (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).

Second, the court notes that the petitioner could have raised his arguments regarding the terms of his supervised release and the question of sentence credit in his appeal and in his first §2255 petition. He did not, and

3

thus even if the court were not required to dismiss this petition for lack of jurisdiction, it would dismiss those claims because the petitioner defaulted on them.

The plaintiff's request that the court review his sentence under Johnson and Welch might appear to fall under §2255(h)(2), and certainly the petitioner may ask the Seventh Circuit for permission to file a second or successive *habeas* raising that claim. If he plans to ask the Seventh Circuit for permission to file a successive appeal on that issue, he should review the Seventh Circuit's Rule 22.2, which lays out the requirements for such a petition. The court sent the petitioner a copy of that rule with the October 2, 2015 order.

The petitioner may wish to appeal this court's dismissal of his July 5, 2016 petition. To do so, he must obtain a certificate of appealability from the district court or the court of appeals. Fed. R. App. P. 22(B); 28 U.S.C. §2253(c)(1). "That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion." Wilburn, 2014 WL 2807539 at *2 (citing Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005)). This court declines to issue a certificate of appealability, because it concludes that no "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). See also, 28 U.S.C. §2253(c). The petitioner may, if he chooses to do so, seek a certificate of appealability from the Seventh Circuit Court of Appeals under Fed. R. App. P. 22. See also Rule 11 of the Rules Governing §2255 Proceedings.

The court **ORDERS** that the July 5, 2016 motion to vacate, set aside or correct sentence (Case No. 16-cv-856) is **DISMISSED** for lack of jurisdiction (Dkt. No. 1). The court directs the clerk of court to enter judgment accordingly. The court also **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 5th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge